**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MARK T. SMITH, | : | **CIV. NO. 18-7 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| GERALDINE COHEN, *et al.*, | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Mark T. Smith, also known as Mark El, is a pretrial detainee who was confined at Atlantic County Justice Facility at the time he filed this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. § 1915(e)(2)(B), § 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is

immune from such relief. For the reasons discussed below, Plaintiff's complaint is dismissed without prejudice for failure to state a claim.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting ll Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

A. The Complaint

Plaintiff alleged the following facts in his complaint.

> Geraldine Cohen is the Warden of the Atlantic County Justice Facility. Defendant is responsible for the safety of the orderly running of the institution as well as being responsible for my health an[d] well being, while incarcerated in this county jail. …

(Compl., ¶3B, ECF No. 1.)

3

> Warden Geraldine Cohen of her order of [illegible] Pod (B.Right) with mold growing on the walls of the shower is subjecting me to breathing mold, which is not just hazardous to my health but dangerous to my health because mold is an airborne contagious breathing dust. I'm starting to notice I'm becoming short of breath, coughing more than usual. On Wednesday the 30th of November, I put in for sick call, I was seen on Friday the 1st for sick call, an[d] was told by the doctor that she could only prescribe me cough medicine even after I explain to her I was exposed to the mold that is growing on the inner shower's walls. At this time I filed a grievance on 12-5-2017, an[d] I came on this pod 5-12-2017 to the present, that I'm still being exposed to this mold.

(Compl., ¶4, ECF No. 1.)

> Mrs. Cheryl Dubose Head of Medical. I have filled out sick call, complaining about me getting short of breath and that I am coughing more than normal. I have explain to her that I have been here (6) six months an[d] that its excessive mold on the walls of the bathroom shower and I've been breathing in the mold the whole six (6) or (7) months I've been here. Her response was I can only offer you cough medication. As of this date an[d] time, no one from the Medical department has call me for a chest x-ray or to check my lungs to see if the mold is affecting my lungs.
> . . .
> By not checking to see if I am not exposed to this mold, by not ordering x-ray etc or for not ordering the facility to clean the mold on the shower walls in pod (B-Right). They are neglecting not just me but everybody being expose to this airborne mold that's hazardous to my health. I also grievance this in my grievance dated 12-5-17.

B.  <u>Claims Under 42 U.S.C. § 1983</u>

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

    C.    Analysis

        1.    Fourteenth Amendment Conditions of Confinement Claim

When a pretrial detainee alleges unconstitutional conditions of confinement in violation of the Due Process Clause of the Fourteenth Amendment, the Third Circuit Court of Appeals has set

forth a two-step test to analyze the claim. Hubbard v. Taylor ("Hubbard I"), 399 F.3d 150, 159-60 (3d Cir. 2005).

> [W]e must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes. In assessing whether the conditions are reasonably related to the assigned purposes, we must further inquire as to whether these conditions "cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." [Union County Jail Inmates v. DiBuono,] 713 F.2d [984], 992 [3d Cir. 1983] (citing Bell [v. Wolfish], 441 U.S. [520] 542, 99 S.Ct. 1861 [1979]) (internal quotation marks omitted). Our inquiry into whether given conditions constitute "punishment" must therefore consider the totality of circumstances within an institution. Id. at 996; see also Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) ("In determining whether conditions of confinement are unconstitutional under ... the fourteenth amendment, we do not assay separately each of the institutional practices, but look to the totality of the conditions."), overruled in part on other grounds, Int'l Woodworkers of America, AFL–CIO v. Champion Int'l Corp., 790 F.2d 1174 (5th Cir.1986) (en banc).

Id.

Unconstitutional punishment under the Fourteenth Amendment has objective and subjective components. Stevenson v. Carroll, 295 F.3d 62, 68 (3d Cir. 2007). The subjective component, whether the defendant prison official acted with a sufficiently culpable state of mind, is met where the condition is arbitrary or purposeless or

excessive, even if it would accomplish a legitimate governmental objective. Stevenson, 295 F.3d at 68. The objective component is met where the prison conditions cause inmates to "endure genuine privations and hardship over an extended period of time." Bell, 441 U.S. at 542.

Petitioner's exposure to mold in the shower stalls for a period of six months, in which time he noticed having shortness of breath and coughing more than usual does not rise to the level of a genuine privation and hardship over an extended period of time. See Fantone v. Herbik, 528 F. App'x 123, 127 (3d Cir. 2013) ("[o]nly extreme deprivations are sufficient to present a claim for unconstitutional conditions of confinement") (citing Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)).

To state a constitutional violation, Plaintiff must allege facts suggesting the conditions of confinement were severe enough to deprive him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 305 (1991). If Plaintiff can meet this standard by describing the frequency and severity of his shortness of breath and his cough, and why he believes the symptoms are caused by the mold, Plaintiff may file an amended complaint.

2. Fourteenth Amendment Inadequate Medical Care Claim

Plaintiff alleges Cheryl DuBose, head of the medical department at Atlantic County Justice Facility, failed to order a

7

chest x-ray based on his complaint of exposure to mold. The Court construes this as a Fourteenth Amendment claim based on inadequate medical care.[1]

A pretrial detainee's claim of inadequate medical care is adjudicated under the Due Process Clause of the Fourteenth Amendment. Edwards v. Northampton County, 663 F. App'x 132, 136 (3d Cir. 2016). The Third Circuit has determined that "pretrial detainees are entitled to at least as much protection as convicted prisoners and that decisions interpreting the Eighth Amendment serve as 'useful analogies.'" Id. (quoting Boring v. Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987) (quoting Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1080 (3d Cir. 1976.))

"Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need." Montgomery v. Aparatis Dist. Co., 607 F. App'x 184, 187 (3d Cir. 2015) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Negligence by governmental actors is insufficient to support a constitutional claim. Id. (citing Daniels v. Williams, 474 U.S. 327, 333 (1986)). Allegations of

---

[1] If Plaintiff wishes to bring a medical malpractice claim under New Jersey state law, he must first meet the procedural requirements of the New Jersey Tort Claims Act, including filing a Notice of Claim with the correct agency prior to filing a complaint in a court of law. See N.J.S.A. §§59:8-1 through 59:8-11.

medical malpractice or disagreement as to proper medical care are insufficient to show deliberate indifference. Navolio v. Lawrence County, 406 F. App'x 619, 623 (3d Cir. 2011) (citing Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004)). A prison official is deliberately indifferent when she "'knows of and disregards an excessive risk to inmate health or safety.'" Id. (quoting Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, Plaintiff admits that Cheryl DuBose treated his condition with cough medicine. His complaint is that she did not do more to determine if his increased cough and shortness of breath are caused by exposure to mold in the shower stalls. Plaintiff's claim rises only to the level of disagreement with the medical provider's treatment decisions, which is insufficient to state a constitutional claim.

It is not clear from the complaint that Plaintiff's cough and shortness of breath are severe enough to pose an excessive risk to his health. Therefore, the Court will deny this claim without prejudice. Plaintiff may file an amended complaint if he can allege additional facts that indicate deliberate indifference to his serious medical need. Plaintiff should note that when an amended complaint is filed, it should be complete in itself because it

replaces the original complaint. See 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990).

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); § 1915A(b) and 42 U.S.C. 1997e(c)(1).

An appropriate order follows.

DATE: October 25, 2018

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**